**Brandon HILL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 56, 2010.

Supreme Court of Delaware.

Submitted: Aug. 11, 2010.
Decided: Aug. 25, 2010.

---

Santino Ceccotti, Office of the Public Defender, Wilmington, Delaware, for appellant.

Susan Dwyer Riley, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

STEELE, Chief Justice:

Officer Louis Torres stopped Brandon Hill during a routine random vehicle registration check, arrested him for driving without a license or registration, and detained him after discovering $390 cash, multiple cell phones, and suspecting that Hill might be armed. Although he failed to raise the issue at trial, Hill now asserts that the trial judge plainly erred by not *sua sponte* suppressing the State's evidence for lack of reasonable articulable suspicion. Because a trained officer may have reasonably suspected criminal activity from these facts and inferences, we **AFFIRM.**

## FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2009, New Castle County Police Officer Torres conducted random vehicle registration searches along Route

273 in New Castle. Torres stopped Hill, who drove his grandmother's car, determine he had a suspended license and lacked proper registration and proof of insurance. Torres later testified that Hill seemed nervous and fumbled with his paperwork during this initial stop.

Torres learned from a license and criminal check that Hill "may be armed and dangerous." Torres requested an additional unit and, when Officer Zach Bascelli arrived to assist him, asked Hill to step out of his car for an officer-safety pat-down. Hill complied, and Torres discovered $390 cash in Hill's pockets, which Hill said he received from his job at the shipyard. Torres then noticed cell phones in the car.

Torres became suspicious, radioed for a canine unit, and requested and obtained Hill's permission to search the car. Torres discovered two glassine baggies filled with 32 plastic baggies of crack cocaine and with six Oxycodone pills. The officers arrested Hill.

Before trial, Hill filed a motion to suppress all evidence and statements, because he had not consented to the vehicular search. The trial judge held that Hill had consented, and denied the suppression motion. Following a two-day trial, the jury convicted Hill of Possession with Intent to Deliver Cocaine, Maintaining a Vehicle for the Keeping of Controlled Substances, Possession of a Narcotic Schedule II Controlled Substance, Possession of Drug Paraphernalia, and Driving with a Suspended or Revoked License.

Hill appeals his conviction, conceding that he consented to the vehicular search,

but asserting that the officers lacked reasonable articulable suspicion to prolong his detention after the officer-safety pat-down.

## STANDARD OF REVIEW

■ We review the trial judge's failure to address *sua sponte* the length of Hill's detention—a claim that Hill did not raise at trial—for plain error.[1] Plain error occurs when an apparent, material defect on the face of record clearly prejudices a defendant's substantial right, and jeopardizes the trial process's fairness and integrity.[2]

## ANALYSIS

■ Police must articulate facts for which they reasonably suspected a past, present, or future crime that justifies an investigative detention.[3] We will determine reasonable articulable suspicion by examining the all of the objective facts and subjective inferences from a trained police officer's perspective in the same or a similar situation.[4]

Considering the totality of the circumstances, the trial judge did not plainly err by failing to suppress *sua sponte* the evidence that the officers discovered in the vehicular search. Before extending Hill's detention beyond the pat-down search, the officers knew that (1) Hill had driven with a suspended license and without proper registration; (2) a license and criminal check warned Torres that Hill "may be armed and dangerous;" (3) Hill nervously fidgeted with his paperwork; and (4) Hill had $390 cash and multiple cell phones.

These objective facts, individually, might not warrant Hill's detention. In total and

1. *Johnson v. State*, 983 A.2d 904, 934 (Del. 2009).

2. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986); *Kurzmann v. State*, 903 A.2d 702, 719 (Del.2006).

3. *Coleman v. State*, 562 A.2d 1171, 1174 (Del. 1989) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

4. *Woody v. State*, 765 A.2d 1257, 1263 (Del. 2001).

combination with the officer's subjective inferences, however, these facts could have created a reasonable articulable suspicion. We certainly cannot say that the trial judge plainly erred by denying Hill's suppression motion on the face of this record.

## CONCLUSION

For the foregoing reasons, we affirm the trial judge's denial of Hill's suppression motion.